UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL COCHRAN HAULING, INC.,
and WILLIAM W. COCHRAN,
individually and as president of
BILL COCHRAN HAULING, INC.,

        Plaintiffs,

v.

CASE NO. 8-05-CV-910-T-MAP

CITY OF TARPON SPRINGS, FLORIDA,

        Defendant.

_____/

**ORDER**

At issue is whether the Court should dismiss the Plaintiffs' vague complaint as the City requests in its Rule 12(b)(6) motion or give the Plaintiffs a fourth chance at meeting Fed. Civ. P. 8's liberal pleading requirements. After three attempts, I find it would be futile to give Plaintiffs another try at drafting a complaint. Accordingly, the City's motion to dismiss the Plaintiffs' complaint (doc. 63) is granted.

*A. Background*

William Cochran, through his corporate entity, operates a hauling business that uses trailers as portable storage bins. He deposits his trailer at the customer's desired site, lets the customer fill the trailer at the customer's leisure, and then takes the filled trailer to the customer's chosen location. The sides of Cochran's trailers predictably advertise his hauling business. In his latest complaint (doc. 56), Cochran says the City has complained to him and his customers about parking his trailers at various locations within the City. On January 20, 2005, a City code enforcement officer, William

Motley, posted a written notice on one of Cochran's trailers warning him of code violations dealing with "visibility," "misc. public nuisances," and "signs(s)." That notice also commented: "Please do not park your trailer at this location. Thanks." [1]  Notably, Motley did not fine Cochran, but Cochran's customers have been fined.

Cochran took issue with the City's code enforcement efforts and filed his first complaint in state court against the City and code enforcement officer Motley individually.  That complaint sought damages, declaratory relief, and temporary and permanent injunctions.  In sum, Cochran claimed the City by its actions had violated his and his corporate entity's rights under the First and Fourteenth Amendment and Article I, § 6 of the Florida Constitution (doc. 2).[2]  The City removed the action to this Court and then moved to dismiss Cochran's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Faced with Cochran's vague constitutional claims, the district judge dismissed the complaint and directed Cochran to file an amended complaint (doc. 16).  Cochran filed another difficult-to-comprehend complaint, which like the first, sparked another Rule 12(b)(6) motion to dismiss by the City.  When the parties consented to my jurisdiction, I convened a hearing on the matter in an effort to sort through Cochran's allegations and identify the factual and legal claims involved.  After discussing the deficiencies in the complaint, I directed Cochran to file another amended complaint (doc. 52).  Once more, Cochran submitted a rambling complaint.

Cochran's third attempt begins with an introductory paragraph that states the Plaintiffs "seek a Declaratory Judgment under 28 U.S.C. Section 2201 and the First and Fourteenth Amendments

---

[1] Cochran attached a copy of the notice to his complaint.

[2] In his latest complaint, Cochran is apparently no longer suing Motley, and he has abandoned his state constitutional claims.

that the Tarpon Springs sign code sections prohibiting offsite signage are being unconstitutionally and arbitrarily applied to Plaintiff(s) truck, and trailer signs which are exempt and Plaintiffs therefore brings this Declaratory Judgment action to redress the arbitrary and capricious actions of the Defendant and prays for damages and a Jury Trial ..." Cochran then submits fifty-three numbered paragraphs supporting his cause of action. In summary, he states his signs are exempt from the City's sign ordinance and the City's actions have resulted in his loss of business and income. Although it appears Cochran is trying to allege more than one cause of action, he fails to separate these causes of actions into separate counts as required by Rule 10(b).

Predictably, the City filed another Rule 12(b)(6) motion (doc. 63). This time the City asserts Cochran's third complaint is "even more vague and incomprehensible than the first two." *Id* at p. 1. The City urges the latest complaint is the type of "shotgun" pleading the Eleventh Circuit has routinely condemned, fails to state with enough specificity a cause of action for any constitutional violation, and fails to meet the demands for injunctive or declaratory relief.

*B. Standard of Review*

Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Ala.*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). On a motion to dismiss, the court must accept all the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. The complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994).

When no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991). A very low sufficiency threshold is necessary for a complaint to survive a motion to dismiss. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

    *C. Discussion*

Frankly, I find it difficult to decipher Cochran's complaint. Although he demands money damages, the gist of his complaint aims for some sort of declaratory relief – to stop what he perceives to be the City's unconstitutional interference of his business operation through some arbitrary code-enforcement mechanism. His allegations about the City's precise actions, at least as they implicate his First Amendment rights, are nebulous, particularly since the City has never cited him. Irrespective, he states he reasonably believes the City will cite him in the future for some sign-code violation which will infringe his First Amendment commercial speech guarantees. But Cochran's amorphous assertions about the City's past actions or speculative future ones are insufficient to create a justiciable case or controversy under Article III.

Consistent with Article III's "case and controversies" requirement, a declaratory judgment, should only be entered in the case of an "actual controversy." *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). The relevant inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *GTE Directories Publ'g Corp. V. Trimen America, Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). The controversy must "create a definite, rather than speculative threat of future injury." *Malowney*, 193 F.3d at 1347. Therefore, a party seeking a declaratory judgment must demonstrate: "(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that

it is likely to be redressed by a favorable decision." *GTE Directories*, 67 F.3d at 1567. An important aspect of the case or controversy requirement is standing, which requires the plaintiff to show he has suffered an "injury in fact." *Bowen v. First Family Fin. Servs.*, 233 F.3d 1331, 1340 (11th Cir. 2000). In pre-enforcement cases, and it seems this is that type of case, Cochran must demonstrate a realistic danger of sustaining direct injury as a result of the City's application and enforcement of the ordinance. *Socialist Workers Party v. Leahy,* 145 F.3d 1240, 1244 (11th Cir. 1998). A plaintiff can meet this standard three ways: (1) the plaintiff was threatened with the application of the ordinance; (2) application was likely; and (3) there is a credible threat of application.

Cochran's allegations about the City's actions, either past or future, do not meet this standard because he fails to sufficiently show that he has been or will be the subject of some unconstitutional sign code enforcement. And while he seeks a declaratory judgment, it is unclear what specific action he desires from the Court. If he seeks a declaration that the City is violating his constitutional rights, it "would be nothing more than a gratuitous comment without any force or effect." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (citing *N. Va. Women's Med. Ctr. v. Balch*, 617 F.2d 1045, 1049 (4th Cir. 1980)). As already noted, the City has not fined Cochran or his corporate entity; instead, it warned him once. The mere possibility that he will be fined or that the City will take some other concrete action against him is speculative. Likewise, his anticipation that the City will cite him for violating its sign ordinance (and not for conduct violating some other ordinance which does not implicate his First Amendment rights) is just as speculative. As to his customers who have been fined, Cochran does not have standing to contest their claims. Under these circumstances, his suit is too remote to be characterized as a case or controversy. Consequently, he fails to state a cause of action for a declaratory judgment.

*D. Conclusion*

Ordinarily, when a party files an ambiguous complaint, a court will direct the party to file a properly drafted one that complies with the notice provisions of the pleading rules or grant a motion for more definite statement per Rule 12(e).  This marks the Plaintiffs' third try at drafting a complaint.  Despite the Court's admonitions and directions at the hearing, Plaintiffs' latest complaint suffers from the same deficiencies.  No other option exists other than dismissing the complaint pursuant to Rule 12(b)(6).  *See Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir. 1985) (a district court may dismiss a case for failure to meet the pleading rules; although dismissal is a severe sanction, it is justified when a party chooses to disregard the sound and proper directions of the court).   Accordingly, it is

ORDERED:

1. The City's motion to dismiss the complaint (doc. 64) is **GRANTED.**

2. The Plaintiffs' Second Amended Complaint (doc. 56) is dismissed with prejudice.

3. The Clerk of Court is directed to close the case.

DONE AND ORDERED at Tampa, Florida July 14, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record